**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>*Defendant.* | Case No. 17-848 |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of

Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel

compliance with the requirements of FOIA.

## PARTIES

2.      Plaintiff American Oversight is a nonpartisan organization committed to the

promotion of transparency in government, the education of the public about government

activities, and ensuring the accountability of government officials. Through research and FOIA

requests, American Oversight uses the information it gathers, and its analysis of it, to educate the

public about the activities and operations of the federal government through reports, published

analyses, press releases, and other media. The organization is incorporated under the laws of the

District of Columbia, and its application for section 501(c)(3) status is pending with the Internal

Revenue Service.

3.      Defendant the U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy (OIP) is a component of DOJ and processes FOIA requests on behalf of certain other components of DOJ, including the Office of the Attorney General (OAG), the Office of the Deputy Attorney General (ODAG), and the Office of the Associate Attorney General (OASG). The Office of the Solicitor General (OSG), the Office of Legal Counsel (OLC), the Civil Division (Civil), and the Justice Management Division (JMD) are also components of DOJ. DOJ, OAG, ODAG, OASG, OSG, OLC, Civil, and JMD have possession, custody, and control of the records that American Oversight seeks.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

5.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6.      Because Defendant—through OIP, OLC, and Civil—has denied American Oversight's request for expedited processing, American Oversight is now entitled to judicial review of that claim under 5 U.S.C. § 552(a)(6)(E)(iii).

7.      Because Defendant—through OSG and JMD—has failed to respond to American Oversight's request for expedited processing, American Oversight is now entitled to judicial review of that claim under 5 U.S.C. § 552(a)(6)(E)(iii).

8.      Because Defendant—through OLC and JMD—has failed to comply with other applicable time-limit provisions of the FOIA,[1] American Oversight is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## STATEMENT OF FACTS

9.      On March 7, 2017, President Donald Trump announced his intention to nominate Noel Francisco to be Solicitor General of the United States.

10.     Mr. Francisco served as acting solicitor general prior to the announcement of the President's intent to nominate him to be solicitor general.

11.     On information and belief, Mr. Francisco continues to work in DOJ in OASG.

12.     Prior to January 20, 2017, Mr. Francisco was a partner at the Jones Day law firm in Washington, DC, and previously served as a DOJ official during the George W. Bush administration.

13.     While acting as solicitor general, Mr. Francisco appeared on behalf of the federal government in the Ninth Circuit appeal regarding the challenge to Mr. Trump's January 27, 2017, travel-ban executive order by the State of Washington, one of the highest-profile cases handled by DOJ since Mr. Francisco's return.

14.     On Monday, February 6, 2017, at 11:01 AM, after Mr. Francisco's appearance in the case, Jones Day entered the case as counsel to *amici*.

---

[1] OIP, OSG, and Civil have each sent correspondence to American Oversight invoking "unusual circumstances" per 5 U.S.C. § 552(a)(6)(B)(i)–(iii). Assuming that those representations are correct, those three components are not yet in violation of their statutory obligations regarding timely processing of records pursuant to 5 U.S.C. § 552(a)(6)(B)(i).

15.     The *amici* represented by Jones Day expressed legal positions adverse to the government's legal position on the State of Washington's challenge to the travel-ban executive order.

16.     The reply brief filed by the government that afternoon indicated that Mr. Francisco had "refrained from signing the brief, out of an abundance of caution, in light of a last-minute filing of an amicus brief by [his] former law firm."

17.     Legal-ethics experts were reportedly "puzzled" by the reasoning behind the decision by Mr. Francisco to refrain from signing the reply brief as well as the wording of the footnote in the brief.

18.     DOJ reportedly declined to answer questions from the media seeking further explanation regarding the decision by Mr. Francisco not to sign the reply brief.

19.     Apart from this footnote, neither DOJ nor Mr. Francisco provided any further explanation to the public or the Ninth Circuit regarding Mr. Francisco's determination that he should not sign the reply brief.

20.     Neither DOJ nor Mr. Francisco has indicated whether or not Mr. Francisco was recused or disqualified from participation in the case.

21.     Neither DOJ nor Mr. Francisco has indicated whether or not Mr. Francisco received a waiver or authorization to continue to participate in the case after the filing of the *amicus* brief by Jones Day.

22.     Neither DOJ nor Mr. Francisco has indicated whether or not Mr. Francisco received an ethics opinion regarding his continued participation in the case after the filing of the *amicus* brief by Jones Day.

23.    Apart from indicating that Mr. Francisco had "refrained from signing the brief," neither DOJ nor Mr. Francisco has indicated whether Mr. Francisco otherwise participated after the filing of the *amicus* brief by Jones Day in the drafting of the reply brief or the subsequent February 7, 2017, oral argument in the case.

24.    Mr. Francisco did not withdraw his appearance and subsequently has continued to participate in the case, for example, by signing a subsequent brief filed in the appeal on behalf of the government on February 16, 2017.

*The FOIA Request*

25.    In light of the weighty responsibilities of the solicitor general and the questions regarding Mr. Francisco's decision not to sign the reply brief and his subsequent participation in the case, American Oversight filed a FOIA request seeking records regarding Mr. Francisco's participation in the case, as well as his compliance with ethics and conflict of interest requirements, including any recusals or waivers applying to Mr. Francisco's work on the litigation.

26.    The FOIA request was sent to OIP, OSG, OLC, Civil, and JMD on April 7, 2017, seeking access to the following records:

> (1) Records reflecting any recusal or disqualification of Noel Francisco from any matter, or from matters involving any particular parties or participants.
>
> (2) Any conflicts or ethics waivers or authorizations issued for Mr. Francisco, including authorizations pursuant to 5 C.F.R. § 2635.502.
>
> (3) Any record reflecting a determination by DOJ that 5 C.F.R. § 2635.502 or any other ethics requirement did not preclude Mr. Francisco's continued participation in the Ninth Circuit appeal or other litigation regarding the travel ban, including any determination by the Office of the Attorney General, the Office

of the Deputy Attorney General, the Office of Legal Counsel, or the Departmental Ethics Office.

(4) All records reflecting Mr. Francisco's participation in litigation regarding the travel ban, including but not limited to the appeal in the U.S. Court of Appeals for the Ninth Circuit regarding the State of Washington's challenge to that ban, between 11:01 AM on Monday, February 6, 2017, and the earlier of (i) the date and time of any written waiver or authorization received by Mr. Francisco authorizing him to continue to participate in that particular matter responsive to Item 2 or (ii) February 16, 2017. Please include:

  (a) Any documents or emails during this period concerning the travel ban litigation, including talking points, legal analysis, argument, briefing, or strategy for the Ninth Circuit appeal sent or received by Mr. Francisco or upon which he was copied.

  (b) Any documents or e-mails during this period exchanged among lawyers participating in the matter—including but not limited to Catherine Dorsey, Lowell Sturgill, Sharon Swingle, Douglas Letter, H. Thomas Byron, Edwin Kneedler, and August Flentje—discussing or concerning Mr. Francisco's participation in the matter, including any oral comments received from Mr. Francisco regarding the briefing, argument, strategy, or legal analysis for the Ninth Circuit appeal.

  (c) Calendar entries, meeting agendas, or notes during this period reflecting Mr. Francisco's attendance or participation in any meeting or call regarding the Ninth Circuit appeal or other litigation regarding the travel ban.

  (d) Records reflecting hand-written notes or comments regarding the Ninth Circuit appeal or other litigation regarding the travel ban from Mr. Francisco prepared during this period, such as edits on a draft brief.

(5) Any communications with the Office of Government Ethics regarding Mr. Francisco's continued participation in the Ninth Circuit appeal or other litigation regarding the travel ban.

The request seeks all responsive records from January 20, 2017, to the date of the search, except for item (4), which requests records from the period defined therein. A copy of the FOIA is attached hereto as Exhibit A and incorporated herein.

27.     American Oversight noted in its request that records regarding Mr. Francisco's recusals, disqualifications, waivers, and authorizations might be located in OSG and OASG, where Mr. Francisco has worked, as well as in ODAG and OAG, to the extent that officials in those offices served as the agency designee for authorizations or waivers received by Mr. Francisco, including pursuant to 5 C.F.R. § 2635.502.

28.     OSG assigned the request tracking number 2017-126656.

29.     Civil assigned the request tracking number 145-FOI-15349.

30.     OIP assigned the request three tracking numbers for the three components for which it was coordinating the search: DOJ-2017-003421 (OAG); DOJ-2017-003551 (ODAG); DOJ-2017-003552 (OASG).

31.     OLC assigned the request tracking number FY17-186.

32.     JMD assigned the request tracking number 108460.

33.     American Oversight sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(II), as well as 28 C.F.R. § 16.5(e)(1)(iv).

34.     The request regards "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv).

35.     American Oversight's FOIA request involves matters of widespread and exceptional media interest.

36.     Mr. Francisco's nomination to be solicitor general has drawn widespread media interest.

37.     The litigation and appeal of the State of Washington's challenge to the travel-ban executive order also received widespread media interest, including significant media coverage regarding Mr. Francisco's decision not to sign the reply brief in the appeal.

38.     Mr. Francisco's nomination has now been received by the U.S. Senate Committee on the Judiciary, and it is expected that the Committee will shortly hold a confirmation hearing regarding Mr. Francisco's nomination.

39.     The subject of American Oversight's FOIA request also raises questions about the government's integrity that affect public confidence.

40.     The request seeks records that would explain Mr. Francisco's decision that he should refrain from signing the reply brief and would also illuminate Mr. Francisco's approach to compliance with any applicable government-ethics standards.

41.     Evidence that Mr. Francisco participated in the conduct of a matter in which his former law firm represented *amici* could inform the public regarding the federal government's and DOJ's interpretation and application of ethics requirements, including 5 C.F.R. § 2635.502, which prohibits an employee from participating in a particular matter involving specific parties where, *inter alia*, his former law firm "is or represents a party" for one year after he left the firm.

42.     For instance, if Mr. Francisco's former law firm's representation of *amici* in the case qualifies as "represent[ing] a party" for purposes of 5 C.F.R. § 2635.502, he would have been prohibited from participating in the case absent an express authorization issued under 5 C.F.R. § 2635.502(d).

43.     If Mr. Francisco's former law firm's representation of *amici* in the case qualifies as "represent[ing] a party" for purposes of 5 C.F.R. § 2635.502 and he did not obtain an authorization pursuant to 5 C.F.R. § 2635.502(d), his continued participation in the case would raise significant questions regarding his integrity and the application of ethics requirements by DOJ.

44.     Similarly, if Mr. Francisco's former law firm's representation of *amici* in the case qualifies as "represent[ing] a party" for purposes of 5 C.F.R. § 2635.502 and he did obtain an authorization pursuant to 5 C.F.R. § 2635.502(d), any participation in the case by Mr. Francisco after his former law firm's appearance but before he received express authorization to participate would likewise raise significant questions regarding his integrity and the application of ethics requirements by DOJ.

45.     On information and belief, neither DOJ nor the Office of Government Ethics has issued public guidance on whether an employee's former law firm's representation of an *amicus* in a particular matter involving specific parties qualifies as "represent[ing] a party" for purposes of 5 C.F.R. § 2635.502.

46.     Federal judges, applying similar recusal standards regarding the appearance of impartiality applicable to the federal judiciary, have from time-to-time recused themselves from cases where the judge's former law firm has appeared representing an *amicus*.

47.     Information regarding how DOJ and Mr. Francisco approach legal and ethical obligations to avoid conflicts of interest, as well as information regarding Mr. Francisco's integrity, is critical to assisting the Senate and the public in making informed decisions about his nomination.

48.     It is urgent that the public be informed, prior to the Senate's impending consideration of his nomination, about how Mr. Francisco approached ensuring that his conduct conformed to applicable ethics requirements.

*Expedition Responses*

49.     Pursuant to 28 C.F.R. § 16.5(e)(2), the Director of the Office of Public Affairs (OPA) determines whether to grant or deny expedition requested under 28 C.F.R. § 16.5(e)(1)(iv).

50.     The Director of OPA is a political appointee.

51.     On April 24 and 25, 2017, American Oversight received letters from OIP, OLC, and Civil denying expedition. Copies of the letters are attached hereto as Exhibits B, C, and D, respectively, and incorporated herein.

52.     All three letters evidenced an evaluation of American Oversight's expedition request under 28 C.F.R. § 16.5(e)(1)(iv): "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."

53.     None of the letters addressed the first element of prong (iv)—that the subject of the request be "[a] matter of widespread and exceptional media interest."

54.     DOJ has conceded that American Oversight's FOIA request is "[a] matter of widespread and exceptional media interest."

55.     All three letters state that expedition was denied because American Oversight's FOIA request did not satisfy the second element of prong 28 C.F.R. § 16.5(e)(1)(iv)—that the request is a matter "in which there exist possible questions about the government's integrity that affect public confidence."

56.     Neither OSG nor JMD has responded to American Oversight's request for expedition.

*Document Responses*[2]

57.     In its April 25, 2017 acknowledgement letter, OLC stated that it has received "a considerable number of FOIA requests" and was therefore "unable to comply with the statutory deadline for responding to [American Oversight's] request."

58.     In its May 3, 2017, acknowledgement correspondence, JMD did not refer to its statutory obligation to respond in twenty working days.

*Exhaustion of Administrative Remedies*

59.     Through OSG's and JMD's failure to ensure that OPA made a determination as to American Oversight's request for expedition, notwithstanding the obligation of agencies under FOIA to respond within ten days to a request for expedited processing, American Oversight has constructively exhausted its administrative remedies as to those components and seeks immediate judicial review.

60.     Through OIP's, OLC's, and Civil's denial of American Oversight's request for expedition, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

61.     Neither OLC nor JMD has responded to American Oversight's FOIA request described in paragraph 17 above, notwithstanding the obligation of agencies under FOIA to respond within twenty working days.

---

[2] OIP, OSG, and Civil have each sent correspondence to American Oversight invoking "unusual circumstances" per 5 U.S.C. § 552(a)(6)(B)(i)–(iii). Assuming that those representations are correct, those three components are not yet in violation of their statutory obligations regarding timely processing of records pursuant to 5 U.S.C. § 552(a)(6)(B)(i).

62.     Through OLC's and JMD's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing

63.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

64.     American Oversight properly requested records within the possession, custody, and control of DOJ components OSG and JMD on an expedited basis.

65.     DOJ is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).

66.     The records sought by American Oversight relate to a matter of widespread and exceptional media interest in which there exist possible questions concerning the government's integrity that affect public confidence, and therefore justify expedited processing under 28 C.F.R. § 16.5(e)(1)(iv).

67.     DOJ, through its components OSG and JMD, failed to ensure that OPA made a determination as to whether expedited processing was appropriate and notify American Oversight of any such determination within ten days after the date of the request.

68.     DOJ's failure to ensure that OPA granted expedited processing of the request sent to OSG and JMD violates FOIA and DOJ regulations.

69.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to grant expedited processing of American Oversight's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Expedited Processing

70.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

71.     American Oversight properly requested records within the possession, custody, and control of DOJ components OAG, ODAG, OASG, OLC, and Civil on an expedited basis.

72.     DOJ is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).

73.     The records sought by American Oversight relate to a matter of widespread and exceptional media interest in which there exist possible questions concerning the government's integrity that affect public confidence, and therefore justify expedited processing under 28 C.F.R. § 16.5(e)(1)(iv).

74.     Based on OPA's erroneous determination, DOJ and its components—OIP, OLC, and Civil—wrongfully denied expedited processing of American Oversight's request.

75.     DOJ's failure to grant expedited processing under 28 C.F.R. § 16.5(e)(1)(iv) violated FOIA and DOJ regulations.

76.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to grant expedited processing of American Oversight's FOIA request.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

77.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

78.     American Oversight properly requested records within the possession, custody, and control of DOJ components OLC and JMD.

79.     DOJ is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

80.     DOJ has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA request.

81.     DOJ's failure to conduct an adequate search for responsive records violates FOIA.

82.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

## COUNT IV
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

83.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

84.     American Oversight properly requested records within the possession, custody, and control of DOJ components OLC and JMD.

85.     DOJ is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

86.     DOJ is wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its FOIA requests.

87.     DOJ's failure to provide all responsive records violates FOIA.

88.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA

requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

<u>**REQUESTED RELIEF**</u>

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to expedite the processing of American Oversight's FOIA request submitted to OIP, OSG, OLC, Civil, and OLC on April 7, 2017;

(2) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA request submitted to OIP, OSG, OLC, Civil, and OLC on April 7, 2017;

(3) Order Defendant to produce, by such date as the Court deems appropriate any and all non-exempt records responsive to American Oversight's FOIA request and an index justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(5) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: May 9, 2017                              Respectfully submitted,

                                                */s/ Cerissa Cafasso*
                                                Cerissa Cafasso
                                                D.C. Bar No. 1011003
                                                AMERICAN OVERSIGHT
                                                1030 15th Street NW, B255
                                                Washington, DC 20005

(202) 869-5246
cerissa.cafasso@americanoversight.org
*Counsel for Plaintiff*