

**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

May 26, 2017

Mr. Austin Evers
American Oversight
1030 15th Street, NW              Re:   DOJ-2017-003421
Suite #B255                             DOJ-2017-003551
Washington, D.C.20005                   DOJ-2017-003552
FOIA@americanoversight.org             No. 1:17-cv-0848 (D.D.C.)

Dear Mr. Evers:

This is an interim response to your above-referenced Freedom of Information Act (FOIA) request and related lawsuit, submitted via the Office of Information Policy FOIAonline Portal and received in this Office on April 7, 2017. Specifically, your request seeks records dating from January 20, 2017, pertaining to (1) any recusal or disqualification of Noel Francisco from any matter, (2) conflicts or ethics waivers or authorizations issued for Mr. Francisco, (3) determinations by the Department of Justice that ethics requirements did not preclude Mr. Francisco's continued participation in litigation regarding the President's travel-related executive orders, (4) Mr. Francisco's participation in litigation regarding those executive orders, and (5) communications with the Office of Government Ethics regarding Mr. Francisco's participation in litigation regarding those executive orders. This response is made on behalf of the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), and Associate Attorney General (OASG).

While processing the FOIA request you separately submitted to the Department's Justice Management Division (JMD), JMD located eleven pages of material which it referred to this Office for processing and direct response to you on behalf of ODAG. OIP received this material on May 11 and May 23, 2017. Our review of the material referred by JMD is now complete. I have determined that these eleven pages are appropriate for release with limited excisions made pursuant to Exemptions 5 and 6 of the FOIA, 5 U.S.C. § 552(b)(5) and (b)(6), and copies are enclosed. Exemption 5 pertains to certain inter- and intra-agency communications protected by the deliberative process privilege. Exemption 6 pertains to information the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties.

Moreover, I note that Mr. Francisco has recently provided responses to Senate Judiciary Committee Questions for the Record in connection with his nomination to be Solicitor General of the United States. These responses, some of which relate to the topic of your request, are now publicly available on the Senate Judiciary Committee's website at:
https://www.judiciary.senate.gov/imo/media/doc/Francisco%20Responses%20to%20QFRs.pdf

-2-

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c) (2015) (amended 2016).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

We are continuing to process your request on behalf of OAG, ODAG, and OASG, and will respond to you again as our work is completed.  If you have any questions regarding this response, please contact Aimee Brown of the Department's Civil Division, Federal Programs Branch, at (202) 305-0845.

Sincerely,

Vanessa R. Brinkmann
Senior Counsel

Enclosures

| | |
|---|---|
| **From:** | Schools, Scott (ODAG) |
| **To:** | Shaw, Cynthia K. (JMD) |
| **Subject:** | RE: 502 authorization for Noel Francisco |
| **Date:** | Monday, February 06, 2017 4:30:06 PM |

I approve Mr. Francisco's participation in the brief due at 6 pm today for the reasons you stated.  In particular, the exigencies of the matter and his prior extensive work on the matter make it impractical to reassign the matter at this point.  For these reasons, and the other reasons stated in your email, I approve his continued work on the brief.

Scott

**From:** Shaw, Cynthia K. (JMD)
**Sent:** Monday, February 6, 2017 4:11 PM
**To:** Schools, Scott (ODAG) <sschools@jmd.usdoj.gov>
**Subject:** 502 authorization for Noel Francisco

I recommend that you authorize Noel Francisco to work on the brief for *Washington and Minnesota v. Trump* to be submitted at 6:00 p.m. today in the U.S. Court of Appeals for the Ninth Circuit.

The Department has just learned that Jones Day has filed an amicus brief in the case.   Mr. Francisco has a covered relationship with Jones Day; he was an attorney in that law firm in the last year.  Under 5 CFR 2635.502, an employee who knows that a person with whom he has a covered relationship is or represents a party to a matter may not participate in the matter.  A filer of an amicus brief is not a party to a matter, but does create an appearance of loss of impartiality that is covered by the regulation's "catch-all" provision at 2635.502(a)(2).

An authorization to participate in a matter that otherwise would require recusal may be given if the agency designee determines that the government's interest in the employee's participation in a particular matter involving specific parties outweighs the concern that a reasonable person may question the integrity of the agency's programs and operations.  5 CFR 2635.502(d).

I evaluate the regulation's factors as follows:
1.  The nature of the relationship is a former partner to a former law firm.
2.  The effect of the resolution of the matter on Jones Day's financial interests is unclear.  The amicus is being filed on behalf of law professors, whose interests may be more academic than financial.
3.  The nature and importance of Mr. Francisco's role in the matter is extremely high, given that he has been working on the matter for the past 12 hours and the work product is due within an hour and a half.  To take him off this matter at this time is extremely disruptive to the government.
4.  The sensitivity of the matter is extremely high given the national attention given to the case.
5.  The difficulty of reassigning the matter is high, given that Mr. Francisco has led the development of this brief during the tight timeframe given for its submission.
6.  Adjustments that may be made in the employee's duties to eliminate the likelihood that a reasonable person would question his impartiality are being made in conformity

with the January 28, 2017 Executive Order, which disallows communications with former employers.  Mr. Francisco has been instructed not to communicate with Jones Day or sign the brief, which would constitute making an appearance or communication.

In sum, the exigencies of the moment compel a conclusion that Mr. Francisco continue working on the brief due today.  Those exigencies outweigh the concern that a reasonable person may question the Department's integrity in this instance.

Your approval for this authorization may be given in a reply email.

Cindy


**Cynthia K. Shaw**
Director
Departmental Ethics Office
U.S. Department of Justice
145 N Street, NE
Washington, DC 20530
(202) 514-8196

| | |
|---|---|
| **From:** | Rodgers, Janice (JMD) |
| **To:** | Francisco, Noel (OSG) |
| **Cc:** | Shaw, Cynthia K. (JMD) |
| **Subject:** | FW: Recommendation for waiver under 18 USC 208 |
| **Date:** | Tuesday, February 07, 2017 11:28:53 AM |

Noel,

Waiver granted.

Thanks-

**From:** Schools, Scott (ODAG)
**Sent:** Tuesday, February 07, 2017 11:26 AM
**To:** Rodgers, Janice (JMD) <jrodgers@jmd.usdoj.gov>
**Subject:** RE: Recommendation for waiver under 18 USC 208

I concur in your recommendation and grant the waiver.  Thank you for the excellent analysis.

Scott

**From:** Rodgers, Janice (JMD)
**Sent:** Tuesday, February 7, 2017 9:40 AM
**To:** Schools, Scott (ODAG) <sschools@jmd.usdoj.gov>
**Cc:** Shaw, Cynthia K. (JMD) <cshaw@jmd.usdoj.gov>; Rodgers, Janice (JMD)
<Janice.Rodgers@usdoj.gov>
**Subject:** Recommendation for waiver under 18 USC 208
**Importance:** High

Scott,

I am recommending that you grant a waiver, pursuant to the authority provided by the financial conflict of interest statute, 18 USC § 208(a)(1), to Acting Solicitor General Noel Francisco, in order for him to continue to participate in *States of Washington and Minnesota v. Trump* and related cases defending the Executive Order 13769 (the Order) on immigration.  The waiver is necessary because we have concluded that the outcome of the immigration cases is likely to have a direct and predictable effect on the financial interests of at least four companies in which Mr. Francisco holds stock.

Mr. Francisco anticipates divesting of the conflicting stocks, but because time is of the essence—an oral argument is scheduled tonight, which will be argued by another Department attorney—he is seeking a waiver so that he may participate in the matter today.

Mr. Francisco, a former partner with the Jones Day law firm, is now the Acting Solicitor General and in that capacity has been leading the government's work on the immigration litigation.  Yesterday, February 6, 2017, Jones Day filed an amicus brief in the Ninth Circuit on behalf of 97 technology companies and others.  Mr. Francisco was authorized by you to continue working on the immigration litigation case under an authorization pursuant to 5 CFR 2635.502(d).  Later in the evening, Mr. Francisco became aware that he owned stock

exceeding $25,000 in companies included in the amicus brief.  As a result, his holdings exceed the amount allowed in the regulatory exemption (non-parties in a particular matter with specific parties) for participation in a particular matter than will have a direct and predictable effect on his financial interests, which is otherwise prohibited under 18 USC 208.

A "particular matter" includes matters that involve deliberation, decision, or action that is focused upon the interests of specific persons, or a discrete and identifiable class of persons.  It does not cover consideration or adoption of broad policy options directed to the interest of a large and diverse group of persons.  Particular matters include judicial proceedings.  5 CFR § 2640.103(a)(1).   Under the relevant regulations, a particular matter "… will have a "direct" effect on a financial interest if there is a close causal link between any decision or action to be taken in the matter and any expected effect of the matter on the financial interest.  An effect may be direct even though it does not occur immediately.  A particular matter will not have a direct effect on a financial interest, however, if the chain of causation is attenuated or is contingent upon the occurrence of events that are speculative or that are independent of, and unrelated to, the matter.  A particular matter that has an effect on a financial interest only as a consequence of its effect on the general economy does not have a direct effect within the meaning of this part… (ii).  A particular matter will have a "predictable" effect if there is a real, as opposed to a speculative, possibility that the matter will affect the financial interest.  It is not necessary, however, that the magnitude of the gain or loss be known, and the dollar amount of the gain or loss is immaterial."  5 CFR § 2640.103(a)(3).

The amici argue that the Order is having an immediate effect on the conduct of their businesses.  We therefore assume, for the purposes of this waiver, that the litigation will have a direct and predictable effect on the companies' financial interests. Under the applicable regulations, it is not necessary that the size of the gain or loss be known, and the dollar amount of the gain or loss is immaterial.

The standard for granting a waiver of the conflicting interest is that the interest "is not so substantial as to be deemed likely to affect the integrity of employee's services to the Government."  5 CFR § 2635.301(a).   Under the Department's Ethics Order, DOJ Order 1200.1 Chapter 11, and delegated authority, you have the authority to grant the waiver, with a recommendation of an ethics official.

Mr. Francisco has stock valued at approximately $(b) (6) in Alphabet (Google), Apple, Facebook, and Microsoft combined.  He estimates his total non-real estate assets at approximately $(b) (6).  He estimates the total of his individual stock holdings at $(b) (6).  He estimates that his individual stock holdings represent 3.8 percent of his total non-real estate assets, and the stock in the conflicting assets is half a percent of his non real estate holdings.  As a result, the percentage that the conflicting stock holdings represent of his total non-real estate assets is extremely small.  We typically use 2% as a general benchmark, and for interests below that we will often recommend a waiver, assuming the actual dollar value of the holding is relatively modest.   The value of Mr. Francisco's holdings is extremely modest.  From that perspective, we believe that you may determine the interest is not so substantial as to be deemed likely to affect the integrity of his services to the Government in this case.  For all of these reasons, we recommend that you grant a waiver under 18 USC 208(b)(1) of the financial conflict of interest statute.

Your response to this email will serve as your decision.  If you have any questions please let me know.


**Cynthia K. Shaw**
Director

Departmental Ethics Office
U.S. Department of Justice
145 N Street, NE
Washington, DC 20530
(202) 514-8196

| | |
|---|---|
| **From:** | Francisco, Noel (OSG) |
| **To:** | Shaw, Cynthia K. (JMD) |
| **Subject:** | RE: authorization for Noel |
| **Date:** | Thursday, February 09, 2017 7:58:58 PM |

Thank you.

**From:** Shaw, Cynthia K. (JMD)
**Sent:** Thursday, February 9, 2017 6:23 PM
**To:** Francisco, Noel (OSG) <nfrancisco@jmd.usdoj.gov>
**Subject:** FW: authorization for Noel

You are authorized to proceed.

**From:** Schools, Scott (ODAG)
**Sent:** Thursday, February 09, 2017 6:17 PM
**To:** Shaw, Cynthia K. (JMD) <cshaw@jmd.usdoj.gov>
**Subject:** RE: authorization for Noel

Thanks, Cindy.  I agree with your analysis and grant the waiver.

Scott

**From:** Shaw, Cynthia K. (JMD)
**Sent:** Thursday, February 9, 2017 6:07 PM
**To:** Schools, Scott (ODAG) <sschools@jmd.usdoj.gov>
**Subject:** authorization for Noel

Scott,
Below is another authorization for Noel.  Happy to discuss.  514-8196.
Another one will follow for (b) (6) and Chad Readler.
Cindy


I recommend that you authorize Noel Francisco to continue to work on *Washington and Minnesota v. Trump* and related immigration litigation.  The case is now pending before the U.S. Court of Appeals for the Ninth Circuit.  The case is a challenge to implementation of the President's January 27, 2017, Executive Order, Protecting the Nation from Foreign Terrorist Entry into the United States ("immigration order").  Other immigration cases nationwide also challenge the immigration order.  On February 6, 2017, you authorized participation in the Washington case based on the exigencies of the circumstances.  I believe, even without the existing exigencies, that a continued authorization is appropriate.

Jones Day filed an amicus brief in the *Washington* case on behalf of law professors on February 6, 2017.   Jones Day will submit a more detailed briefing February 13, 2017, in a related case, *Darweesh v. Trump,* which is another challenge to the order, also on behalf of the law professors.  Responding to the expedited hearing before the Ninth Circuit on February 7,

2017, in *Washington*, the amici urged the court, based on constitutional concerns, to deny the Government's motion for a stay of the Temporary Restraining Order preventing implementation of the immigration order.  Our understanding is that the law professors do not have a personal financial or other interest in the outcome of the cases, but rather are submitting their expert academic views to the courts.

Mr. Francisco was, until January 20, 2017, a partner at Jones Day.  Under the Standards of Conduct addressing impartiality in the performance of duties (5 CFR 2635.502), an employee who knows that a person with whom he has a covered relationship is or represents a party to a matter may not participate in the matter.  An employee has a covered relationship with a former employer and with former clients for one year after such service ends.

An amicus is not a party, therefore Mr. Francisco does not have a covered relationship with Jones Day under sec. 2635.501(a) since Jones Day does not represent a party.  The long-standing practice of the Departmental Ethics Office has been to analyze participation in a matter in which a former employer represents an amicus under the impartiality regulation's "catch-all" provision at 2635.502(a)(2).  That provision states that an employee who is concerned that "circumstances other than those specifically described in this section [for example, the existence of a covered relationship]" would cause a reasonable person to question his impartiality may determine whether he should participate.  The regulations provide that even if recusal is appropriate, an employee may seek an authorization to participate.  5 CFR 2635.502(d).

An authorization to participate in a matter that otherwise would require recusal may be given if the agency designee determines that the government's interest in the employee's participation in a particular matter involving specific parties outweighs the concern that a reasonable person would question the integrity of the agency's programs and operations.  5 CFR 2635.502(d).  Assuming that a reasonable person could question Mr. Francisco's impartiality in cases in which his former employer represents amici, we believe that an authorization is appropriate.

The relationship that gives rise to the apparent conflict of interest is that of a former partner to a former law firm.  However, the only role that Jones Day now plays in the immigration cases is representing a group of law professors in an amicus brief.  The representation began after Mr. Francisco left the firm.  Mr. Francisco does not have a financial interest in the firm, and therefore no financial interest in its representation in this case. The effect that resolution of the cases will have on Jones Day's financial interests is unclear but appears negligible. Resolution of the cases will most likely have no effect at all on the financial or personal interests of the law professors.  At issue in their brief is not financial harm to themselves or harm to their families, but rather constitutional concerns.  The nature and importance of Mr. Francisco's role in the matter is high.  As the Acting Solicitor General, he is leading the Department's legal strategy in these extremely high profile cases.  In addition, these cases are proceeding at a rapid pace, requiring the government to have a point person ready to lead the government's defense.  It benefits the government to have Mr. Francisco provide oversight and continuity in the highly fluid legal environment surrounding the immigration order. Recusing him from these matters would be very disruptive to the government, and reassignment is not a realistic alternative. Moreover, to require recusal when the source of the conflict is an academic amicus brief, in a case where many other entities have filed briefs arguing a variety of harms, seems disproportional to the source of the conflict.

In conclusion, the interest of the government in Mr. Francisco's participation outweighs the concern that a reasonable person would question the Department's integrity in this instance.

We recommend that you authorize his participation, so long as the source of the conflict is Jones Day's filing of amicus briefs on behalf of amici who will not be directly affected, financially or personally, by resolution of the matter.
Your approval for this authorization may be given in a reply email.


**Cynthia K. Shaw**
Director
Departmental Ethics Office
U.S. Department of Justice
145 N Street, NE
Washington, DC 20530
(202) 514-8196

**From:** Schools, Scott (ODAG)
**To:** Shaw, Cynthia K. (JMD)
**Subject:** Re: Francisco authorization/Jennings v Rodriguez
**Date:** Sunday, February 19, 2017 12:34:57 PM

Thanks, Cindy. I grant the waiver.

On Feb 19, 2017, at 10:49 AM, Shaw, Cynthia K. (JMD) <cshaw@jmd.usdoj.gov> wrote:

> Hi Scott,
> Here is another authorization for Noel; a different immigration case but one involving
> some of the same issues as those in the immigration order and, again, needed due to a
> Jones Day amicus brief being filed.  I recommend authorization. (b) (5) ██████████████
> ███████████████████████████████████████████████████████
> █████████████████████████████████████████████████
> ████████████████████████████████
>
> Thanks,
> Cindy

I recommend that you authorize Noel Francisco to participate in *Jennings v. Rodriguez,* which is pending before the U.S. Supreme Court. Petitioners are federal employees in their official capacity, including the Attorney General; Respondents are a class of noncitizens who have been incarcerated while awaiting removal proceedings.  At issue is whether aliens have a right to a bond hearing when they are subject to detention that lasts six months; arguments for the United States include the proposition that the case is governed by the plenary power doctrine of immigration law, which immunizes immigration laws from judicial review.  Oral argument was held November 30, 2016.  Subsequently, the Court directed the parties to file supplemental briefs on the constitutional issues, which they did on January 31, 2017.  Reply briefs are due February 21, 2017.  There is a possibility that the Court will order a re-argument in April 2017.

Mr. Francisco was, until January 20, 2017, a partner at Jones Day.  Jones Day filed an amicus brief in the case in support of Respondents on October 24, 2016. Mr. Francisco did not participate in writing the amicus brief, and in fact did not know of the brief, while at the law firm.

Under the Standards of Conduct addressing impartiality in the performance of duties (5 CFR 2635.501 et seq.), an employee who knows that a person with whom he has a covered relationship is or represents a party to a matter may not participate in the matter.  An employee has a covered relationship with a former employer and with former clients for one year after such service ends.  An amicus is not a party; therefore Mr. Francisco does not have a covered relationship with Jones Day under Sec. 2635.501(a) since Jones Day does not represent a party. The long-standing practice of the Departmental Ethics Office, however, has been to analyze participation in a matter in which a former employer represents an amicus under the impartiality regulation's "catch-all" provision at 2635.502(a) (2).  That provision states that an employee who is concerned that "circumstances

other than those specifically described in this section" would cause a reasonable person to question his impartiality may determine whether he should participate. The regulations provide that even if recusal is appropriate, an employee may seek an authorization to participate.  5 CFR 2635.502(d).

An authorization to participate in a matter that would otherwise require recusal may be given if the agency designee determines that the government's interest in the employee's participation in a particular matter involving specific parties outweighs the concern that a reasonable person would question the integrity of the agency's programs and operations.  5 CFR 2635.502(d).  Assuming that a reasonable person could question Mr. Francisco's impartiality in cases in which his former employer represents amici, I believe that an authorization is appropriate.

The relationship that gives rise to the apparent conflict of interest is that of a former partner to a former law firm.  However, Jones Day's only role in *Jennings v. Rodriguez* is representing 11 non-profit organizations that represent immigrant detainees ("detained legal services providers").  While the amicus brief offers individual examples of the hardships experienced by the amici's clients caused by extended detention, the amici do not represent parties in the litigation, nor do they appeal to have a financial interest in the resolution of the litigation.  Neither does Mr. Francisco have a financial interest in Jones Day, and therefore no financial interest in its representation in this case. The effect that resolution of the cases will have on Jones Day's financial interests is unclear but appears negligible. Resolution of the case will most likely not have a financial impact on the legal service providers, although it will have personal impact on their clients. The legal services providers' argument, however, is not that any identified individual be granted a bond hearing, but that the Constitution requires bond hearings for certain aliens, specifically, lawful permanent residents.  While the financial interest of Mr. Francisco's former law firm and its clients in resolution of the case is low, the nature and importance of Mr. Francisco's role in the matter is high.  As the Acting Solicitor General, he is leading the Department's legal strategy in its immigration cases.  It benefits the government to have Mr. Francisco provide oversight and continuity in the many immigration cases that are coming before this Court and the appellate courts, many of which include the plenary power doctrine.  Moreover, to require recusal when the source of the conflict is an academic amicus brief in a case in which the former firm or its client has no direct financial interest seems disproportional to the source of the conflict.

In conclusion, the interest of the government in Mr. Francisco's participation outweighs the concern that a reasonable person would question the Department's integrity in this instance.  We recommend that you authorize his participation.

Your approval for this authorization may be given in a reply email.


**Cynthia K. Shaw**
Director
Departmental Ethics Office

U.S. Department of Justice
145 N Street, NE
Washington, DC 20530
(202) 514-8196