**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT, | |
| Plaintiff, | |
| v. | Civil Action No. 1:17-cv-848 (RJL) |
| U.S. DEPARTMENT OF JUSTICE, | |
| Defendant. | |

**DEFENDANT'S ANSWER**

Defendant U.S. Department of Justice ("DOJ"), through undersigned counsel, hereby answers Plaintiff's Complaint.

First Defense

The FOIA request that is the subject of this lawsuit may implicate information that is protected from disclosure by one or more statutory exemptions.  Disclosure of such information is not required.

Second Defense

In response to the numbered paragraphs of the complaint, Defendant admits, denies, or otherwise responds as follows:

1.      This paragraph sets forth Plaintiff's characterization of this action, to which no response is required.

2.      Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

3.      For the first sentence, Defendant admits that DOJ is a department of the executive branch of the U.S. government headquartered in Washington DC.  The remainder of the sentence

1

consists of legal conclusions to which no response is required.  Defendant admits the second and third sentences.  The fourth sentence consists of legal conclusions to which no response is required.

4.      This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required.

5.      This paragraph consists of legal conclusions regarding venue, to which no response is required.

6.      This paragraph consists of legal conclusions regarding judicial review, to which no response is required.

7.      This paragraph consists of legal conclusions regarding administrative exhaustion, to which no response is required.

8.      Admitted.

9.      Admitted.

10.      Admitted.

11.      Admitted.

12.      Defendants admit that on February 4, 2017, Noel Francisco entered a notice of appearance on behalf of the federal government in *Washington v. Trump*, No. 17-35105, which challenged Executive Order 13769.  The remainder of this paragraph consists of Plaintiff's characterization of that lawsuit, to which no response is required.

13.      Admitted.

14.      This paragraph consists of Plaintiff's characterization of the amicus brief submitted by Jones Day in *Washington v. Tramp*, No. 17-35105, which speaks for itself and to which the Court is referred for a complete and accurate statement of its contents.

15.     This paragraph consists of Plaintiff's characterization of the government's reply brief in *Washington v. Trump*, No. 17-35105, which speaks for itself and to which the Court is referred for a complete and accurate statement of its contents.

16.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

17.     Defendant lacks sufficient information to admit or deny the allegations regarding alleged reports referenced in this paragraph.

18.     Defendants admit the allegations in this paragraph to the extent that DOJ had no comment on Mr. Francisco's decision not to sign the reply brief in *Washington v. Trump*, No. 17-35105.

19.     Defendants admit the allegations in this paragraph to the extent that DOJ had no comment on Mr. Francisco's decision not to sign the reply brief in *Washington v. Trump*, No. 17-35105.

20.     Defendants admit the allegations in this paragraph to the extent that DOJ had no comment on Mr. Francisco's decision not to sign the reply brief in *Washington v. Trump*, No. 17-35105.

21.     Defendants admit the allegations in this paragraph to the extent that DOJ had no comment on Mr. Francisco's decision not to sign the reply brief in *Washington v. Trump*, No. 17-35105.

22.     Defendants admit the allegations in this paragraph to the extent that DOJ had no comment on Mr. Francisco's decision not to sign the reply brief in *Washington v. Trump*, No. 17-35105.

23.     Defendants admit that Mr. Francisco did not withdraw his appearance in *Washington v. Trump*, No. 17-35105, and that he signed the government's brief filed on February 16, 2017.

24.     Defendant lacks sufficient information to admit or deny the allegations related to Plaintiff's motivations for filing the FOIA request.  The remainder of this paragraph consists of Plaintiff's characterization of its FOIA request, which speaks for itself and to which the Court is referred for a complete and accurate statement of its contents.

25.     Defendant admits that OIP, OSG, Civil, and JMD received a FOIA request from American Oversight dated April 7, 2017.[1]  The remainder of this paragraph characterizes the contents of that FOIA request, which speaks for itself and to which the Court is referred for a complete and accurate statement of its contents.

26.     This paragraph purports to describe Plaintiff's FOIA request, which speaks for itself and to which the Court is referred for a complete and accurate statement of its contents.

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     This paragraph purports to describe part of Plaintiff's FOIA request, which speaks for itself and to which the Court is referred for a complete and accurate statement of its contents.

32.     This paragraph consists of legal conclusions to which no response is required.

33.     This paragraph consists of legal conclusions to which no response is required.

34.     This paragraph consists of legal conclusions to which no response is required.

---

[1] Defendant admits the allegations contained in footnote 1 of Plaintiff's complaint.

35.     This paragraph consists of legal conclusions to which no response is required.

36.     Admitted.

37.     Admitted.

38.     This paragraph consists of legal conclusions to which no response is required.

39.     This paragraph consists of Plaintiff's characterization of the FOIA request, which speaks for itself and to which the Court is referred for a complete and accurate statement of its contents.

40.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

41.     Defendant lacks sufficient information to admit or deny this paragraph.

42.     This paragraph consists of legal conclusions to which no response is required.

43.     This paragraph consists of legal conclusions to which no response is required.

44.     This paragraph consists of legal conclusions to which no response is required.

45.     Defendants admit that DOJ has not issued public guidance on whether an employee's former law firm's representation of an amicus in a particular matter involving specific parties qualifies as "represent[ing] a party" for purposes of 5 C.F.R. § 2635.02. Defendant lacks sufficient information to admit or deny the allegations as to the Office of Government Ethics.

46.     Defendant lacks sufficient information to admit or deny this paragraph.

47.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph concerning the assistance certain information may provide to the Senate and the public in making informed decisions.

48.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

49.     This paragraph purports to describe 28 C.F.R. § 16.5(e)(2), which speaks for itself and to which the Court is referred for a full and accurate statement of its contents.  To the extent a response is required, Defendant admits that requests for expedited processing that are based on 28 C.F.R. § 16.5(e)(1)(iv) must be submitted to the Director of Public Affairs.

50.     Defendant admits that the Director of Public Affairs is an appointed position.

51.     Defendant admits that OIP, Civil, and OSG sent American Oversight letters denying expedition.

52.     This paragraph refers to the letters denying expedition, which speak for themselves, and to which the Court is referred for a full and accurate statement of their contents. This paragraph also quotes 28 C.F.R. § 16.5(e)(1)(iv), which speaks for itself and to which the Court is referred for a full and accurate statement of its contents.

53.     This paragraph purports to describe the letters denying expedition, which speak for themselves and to which the Court is referred for a full and accurate statement of their contents.

54.     This paragraph consists of a legal conclusion to which no response is required.

55.     This paragraph purports to describe the letters denying expedition, which speak for themselves and to which the Court is referred for a full and accurate statement of their contents.

56.     Denied.

57.     This paragraph purports to describe an April 11, 2017 letter from OSG, which speaks for itself and to which the Court is referred for a full and accurate statement of its contents.

58.     This paragraph purports to describe an April 11, 2017 letter from Civil, which speaks for itself and to which the Court is referred for a full and accurate statement of its contents.

59.     This paragraph purports to describe an April 17, 2017 letter from OIP, which speaks for itself and to which the Court is referred for a full and accurate statement of its contents.

60.     This paragraph purports to describe May 3, 2017 correspondence from JMD, which speaks for itself and to which the Court is referred for a full and accurate statement of its contents.

61.     This paragraph purports to describe correspondence from JMD dated May 11 and 12, 2017, which speaks for itself and to which the Court is referred for a full and accurate statement of its contents.

62.     Admitted.

63.     Admitted.

64.     This paragraph consists of legal conclusions to which no response is required.

65.     Defendant admits that OIP, OSG, and Civil have not made a final determination regarding Plaintiff's FOIA request.

66.     This paragraph consists of legal conclusions to which no response is required.

67.     Defendant incorporates the responses in the foregoing paragraphs.

68.     This paragraph consists of legal conclusions to which no response is required.

69.     This paragraph consists of legal conclusions to which no response is required.

70.     This paragraph consists of legal conclusions to which no response is required.

71.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

72.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

73.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

74.     Defendant incorporates its responses in the foregoing paragraphs.

75.     This paragraph consists of legal conclusions to which no response is required.

76.     This paragraph consists of legal conclusions to which no response is required.

77.     Defendant denies the allegations in this paragraph.

78.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

79.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

80.     Defendant incorporates the responses in the foregoing paragraphs.

81.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that American Oversight submitted a FOIA request to OAG, ODAG, OASG, OSG, and Civil.

82.     This paragraph consists of legal conclusions to which no response is required.

83.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

84.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

85.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

The remainder of the Complaint sets forth Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief that it seeks.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

WHEREFORE, having fully answered, Defendant prays that this Court enter judgment for Defendant and dismiss this action with prejudice and Defendant be granted such further relief as the Court may deem just and proper.

Dated: June 19, 2017                          Respectfully submitted,

                                              CHAD A. READLER
                                              Acting Assistant Attorney General

                                              ELIZABETH J. SHAPIRO
                                              Deputy Director
                                              Federal Programs Branch

                                               s/ Aimee W. Brown
                                              AIMEE W. BROWN (IL Bar No. 6316922)
                                              Trial Attorney
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              20 Massachusetts Avenue, N.W.
                                              Washington, D.C. 20530
                                              Telephone: (202) 305-0845
                                              Fax: (202) 616-8470
                                              Email: Aimee.W.Brown@usdoj.gov

*Counsel for Defendant*