# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN OVERSIGHT,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

    Defendant.

Civil Action No. 1:17-cv-848 (RJL)

## DECLARATION OF SARAH ISGUR FLORES

Pursuant to 28 U.S.C. § 1746, I, Sarah Isgur Flores, declare and state as follows:

1.    I am the Director of the Office of Public Affairs ("OPA") of the United States Department of Justice ("DOJ") and have served in this capacity since February 28, 2017. Pursuant to 28 C.F.R. § 16.5(e)(2), I am the DOJ official responsible for considering FOIA requests seeking expedition based on 28 C.F.R. § 16.5(e)(1)(iv). I make the following statements based upon my personal knowledge, which in turn is based upon information furnished to me in the course of my official duties.

2.    On or about April 7, 2017, OPA received a request from American Oversight that its FOIA request be processed on an expedited basis. The request at issue sought the following categories of records:

(1)    Records reflecting any recusal or disqualification of Noel Francisco from any matter, or from matters involving any particular parties or participants.

(2)  Any conflicts or ethics waivers or authorizations issued for Mr. Francisco, including authorizations pursuant to 5 C.F.R. § 2635.502.

(3)  Any record reflecting a determination by DOJ that 5 C.F.R. § 2635.502 or any other ethics requirement did not preclude Mr. Francisco's continued participation in the

Ninth Circuit appeal or other litigation regarding the travel ban, including any determination by the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of Legal Counsel, or the Departmental Ethics Office.

(4) All records reflecting Mr. Francisco's participation in litigation regarding the travel ban, including but not limited to the appeal in the U.S. Court of Appeals for the Ninth Circuit regarding the State of Washington's challenge to that ban, between 11:01 AM on Monday, February 6, 2017, and the earlier of (i) the date and time of any written waiver or authorization received by Mr. Francisco authorizing him to continue to participate in that particular matter responsive to Item 2 or (ii) February 16, 2017. Please include:

  a. Any documents or emails during this period concerning the travel ban litigation, including talking points, legal analysis, argument, briefing, or strategy for the Ninth Circuit appeal sent or received by Mr. Francisco or upon which he was copied.

  b. Any documents or e-mails during this period exchanged among lawyers participating in the matter—including but not limited to Catherine Dorsey, Lowell Sturgill, Sharon Swingle, Douglas Letter, H. Thomas Byron, Edwin Kneedler, and August Flentje—discussing or concerning Mr. Francisco's participation in the matter, including any oral comments received from Mr. Francisco regarding the briefing, argument, strategy, or legal analysis for the Ninth Circuit appeal.

  c. Calendar entries, meeting agendas, or notes during this period reflecting Mr. Francisco's attendance or participation in any meeting or call regarding the Ninth Circuit appeal or other litigation regarding the travel ban.

  d. Records reflecting hand-written notes or comments regarding the Ninth Circuit appeal or other litigation regarding the travel ban from Mr. Francisco prepared during this period, such as edits on a draft brief.

(5) Any communications with the Office of Government Ethics regarding Mr. Francisco's continued participation in the Ninth Circuit appeal or other litigation regarding the travel ban.

3. American Oversight's request sought expedited processing pursuant to 28 C.F.R. § 16.5(e)(i)(iv), which allows for expedition when OPA determines that a request involves "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."

4.  American Oversight's request asserted that "Mr. Francisco's nomination to be Solicitor General has drawn widespread media interest," and cited to several articles reporting on the nomination.

5.  American Oversight further stated that "any evidence that Mr. Francisco participated in the conduct of a matter in which his former firm represented *amici* without express authorization would raise significant questions regarding his integrity and the application of ethics requirements by DOJ."

6.  Under OPA's interpretation of 28 C.F.R. § 16.5(e)(i)(iv), the same matter that draws widespread and exceptional media interest must be the matter in which there exists possible questions about the government's integrity that affect public confidence.

7.  OPA views the media interest and reporting as an indicator of whether public confidence might be affected by any possible questions about the government's integrity that the requester raises. Where the media coverage that a requester points to does not mention the possible questions of government integrity that a requestor suggests might exist, this suggests to OPA that the questions do not rise to the level of affecting public confidence.

8.  OPA determined that American Oversight's request pointed to sufficient media interest in Noel Francisco's nomination to the position of Solicitor General.

9.  Nevertheless, this media interest was only in the fact of the nomination and did not raise or consider Mr. Francisco's participation in the executive order litigation, which American Oversight points to as raising possible questions about the government's integrity that affect public confidence.

10. Because American Oversight's request did not demonstrate that the matter attracting media interest (the nomination) was a matter in which there exist possible questions

about the government's integrity, and because the cited media coverage did not indicate any public concern over the questions that American Oversight raised, OPA determined that the request did not involve a matter in which there exist possible questions about the government's integrity that affect public confidence and therefore denied the request for expedition.

\*\*\*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this _____ day of June 2017, Washington, D.C.

_____

Sarah Isgur Flores